IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION


DON HAMRICK                                                                  PLAINTIFF


v.                                    No. 1:06CV00044 GH


PRESIDENT GEORGE W. BUSH, ET AL.                              DEFENDANTS


## <u>ORDER</u>

After the Court directed plaintiff to either pay the $350 filing fee or file an application to

proceed *in forma pauperis* in 4:06MC00026 GH, plaintiff paid the $350 filing fee and this case was

filed on September 11th.

On September 20th, plaintiff filed three motions: a motion to transfer the docket items from

4:06MC00026 GH before that case was closed or dismissed; a combined motion to expedite the

case, for a permanent injunction against the U.S. Department of Transportation's "bar notice"

prohibiting him from visiting certain facilities in Washington, D.C., and a motion for temporary

injunction against three agencies' proposal for rulemaking on transportation worker's identification

and merchant mariner's credentials; and a combined motion for recusal and reimbursement of the

filing fee and costs of delivery of service of summons.  In support of his recusal request, plaintiff

states he has requested a criminal RICO Act investigation into the judicial handling of his case

during its 4 years of litigation in the federal courts in Washington, D.C. and, as one of his allegations

concerns the coerced payment of filing fees in the Washington, D.C. litigation, the undersigned's

denial of his claimed exemption – under 28 U.S.C. §1916 – has placed himself as a party to the

imminent FBI criminal investigation.  He continues that Civil Procedure Rule 4(c)(2) provides for a free delivery of the summons for seafarers and he was forced to ship the eight copies to the defendants at a cost of $181.02.  Plaintiff asserts that the undersigned now has a conflict of interest and that the ruling on the fee exemption should be reversed with a refund of the $350 filing fee and reimbursement $181.02 for the delivery of summons.

Plaintiff, on September 25th, filed a 106-page pleading as an objection to the anticipated motion to dismiss and intervention by the U.S. Attorney General, presenting stigmatic harm as an additional standing to sue, his status as a private attorney general for purposes of the RICO Act, and a motion for temporary injunction of TWIC/MMC and for negotiated rulemaking in lieu of defendants' motion to dismiss.

On October 5th, plaintiff filed a motion, pursuant to Civil Procedure Rule 19, for joinder of Kofi Annan as Secretary General of the United Nations because of certain conferences and conventions of the United Nations that threaten to disarm the American people.  He claims that the U.S. Guard nullified the Second Amendment to the U.S. Constitution by denying his application for a National Open Carry Handgun endorsement.

He filed a motion, on October 27th, for substitution of Admiral Thad W. Allen in place of Admiral Thomas H. Collins as the Commandant of the Coast Guard under Civil Procedure Rule 25.

On January 29th, plaintiff filed a morion to amend the complaint to increase the amount of damages sought, a motion for appointment of counsel due to the filing of the amended complaint which will make the case an ultra-complex case, and a notice demanding the mandatory recusal of the undersigned who is being named as a defendant in the amended complaint due to denying plaintiff permission to file his complaint without prepayment of fees.

Plaintiff filed an amended complaint on February 2nd which names the United Nations as an additional defendant and, although not named in the caption, alleges a claim against the undersigned – among other courts – as Claim 8.  He asserts that the undersigned wrongfully denied his statutory right to file his Civil RICO Act complaint without pre-paying the filing fee and the Clerk violated his right to have service via the U.S. Marshal resulting in plaintiff mailing the complaint to the defendants.  Plaintiff points out that while this Court, the D.C. Circuit and the U.S. Supreme Court (twice) "extorted" filing fees, the Western District of North Carolina allowed him to file under §1916 without paying a filing fee.  He states that he construes those incidences as a predictive propensity of this Court for judicial bias against his case and being a corrupt court in league with the federal courts in Washington, D.C. and so he has filed a petition alleging human rights violations against the United States with the Inter-American Commission of Human Rights as he does not trust the undersigned to properly adjudicate this case.

On February 6th, plaintiff filed a motion for case management due to complexity of his case.  That same date, he filed a motion for instructions on how to conduct discovery as a private Attorney general and asking for a protective order compelling Condoleeza Rice to issue diplomatic credentials in this name for the purpose of conducting discovery at the United Nations as he fears that he will be harassed or arrested for attempting to visit the United Nations.

Plaintiff filed a motion, on February 15th, for return of filing fee and complaints against competency of the Clerk's office by the return of the summons to plaintiff instead of being sent to the U.S. Marshal's service.

On January 19th, a motion to dismiss was filed on behalf of certain of the defendants.  Plaintiff responded on February 7th with supplements filed on February 12th and 15th.  This motion

and the responses by plaintiff will be addressed in a separate order once briefing – including any

reply – has been completed.

28 U.S.C.A. § 1916 provides:

In all courts of the United States, seamen may institute and prosecute suits and appeals in
their own names and for their own benefit for wages or salvage or the enforcement of laws
enacted for their health or safety without prepaying fees or costs or furnishing security
therefor.

In the August 15th order rejecting plaintiff's assertion that he was exempt from paying a

filing fee under 28 U.S.C.A. § 1916, this Court stated, in part:

Nothing that the plaintiff has submitted supports that this proposed action is for the
"enforcement of laws enacted for [seamen's] ... safety." Moreover, the Court notes that the
United States Supreme Court – in other litigation – on February 28, 2005, denied plaintiff's
motion for leave to proceed as a seaman and, by order filed on March 11, 2005, the United
States Court of Appeals for the District of Columbia Circuit in Hamrick v. Bush, No. 04-
5316, held that plaintiff there was not exempt under 28 U.S.C. §1916 from payment of the
appellate filing fee.

Indeed, plaintiff has complained again of the rulings by the D.C. Circuit and the U.S.

Supreme Court twice holding that he is not exempt under §1916 in similar litigation in his amended

complaint in this Court. The Court has re-examined the arguments submitted by plaintiff and once

more concludes that the §1916 exemption is not applicable to the facts and legal theories plaintiff

is alleging in this case. Thus, plaintiff was properly required to pay the filing fee and he – not the

U.S. Marshal Service – is responsible for service of the summons on defendants. The Court is aware

that plaintiff disagrees with the Court's prior decision and will almost certainly disagree with this

current ruling. Plaintiff, of course, is free pursue an appeal at the appropriate time on this issue. If

the appellate court finds that this action should have been exempt under §1916, the Court will

promptly comply with such a ruling.

The Court now turns to plaintiff's argument for recusal of the undersigned.  As summarized above, the basis for plaintiff's request is the Court's ruling regarding filing fees in relation to §1916 and such a ruling as reflecting judicial bias and being a corrupt court.

28 U.S.C. § 455 provides in pertinent part:

(a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]

The United States Supreme Court in <u>Liteky v. United States</u>, 510 U.S. 540, 556, 114 S.Ct. 1147, 1158 (1994), addressed the precise issue as shown below:

In their briefs here, petitioners have referred to additional manifestations of alleged bias in the District Judge's conduct of the trial below, including the questions he put to certain witnesses, his alleged "anti-defendant tone," his cutting off of testimony said to be relevant to defendants' state of mind, and his post-trial refusal to allow petitioners to appeal in forma pauperis.  [Footnote omitted.]

All of these grounds are inadequate under the principles we have described above: They consist of judicial rulings, routine trial administration efforts, and ordinary admonishments (whether or not legally supportable) to counsel and to witnesses.  All occurred in the course of judicial proceedings, and neither (1) relied upon knowledge acquired outside such proceedings nor (2) displayed deep-seated and unequivocal antagonism that would render fair judgment impossible.

Therefore, the mere fact that the Court has ruled against a legal argument advocated by plaintiff is not an adequate ground for recusal.  Plaintiff also demands mandatory recusal due to the allegations made against the undersigned in the amended complaint.  Once again, the basis for this claim is the Court's unfavorable rulings on whether plaintiff could proceed under §1916 without the payment of the filing fee and would be responsible for service of summons and the complaint/amended complaint.  This is simply not a legitimate ground for suing a judge.

In addition, the undersigned is immune from suit under these circumstances as explained in

the following excerpts from <u>Mireles v. Waco</u>, 502 U.S. 9, 11-12, 112 S.Ct. 286, 288 (1991):

> Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages. <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985). Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial. <u>Pierson v. Ray</u>, 386 U.S., at 554, 87 S.Ct., at 1218 ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly"). See also <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 815-819, 102 S.Ct. 2727, 2736-2739, 73 L.Ed.2d 396 (1982) (allegations of malice are insufficient to overcome qualified immunity).
>
> Rather, our cases make clear that the immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, <u>i.e.</u>, actions not taken in the judge's judicial capacity. <u>Forrester v. White</u>, 484 U.S., at 227-229, 108 S.Ct., at 544-545; <u>Stump v. Sparkman</u>, 435 U.S., at 360, 98 S.Ct., at 1106. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction. <u>Id.</u>, at 356-357, 98 S.Ct., at 1104-1105; <u>Bradley v. Fisher</u>, 13 Wall., at 351.
>
> We conclude that the Court of Appeals erred in ruling that Judge Mireles' alleged actions were not taken in his judicial capacity. This Court in <u>Stump</u> made clear that "whether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, <u>i.e.</u>, whether it is a function normally performed by a judge, and to the expectations of the parties, <u>i.e.</u>, whether they dealt with the judge in his judicial capacity." 435 U.S., at 362, 98 S.Ct., at 1108. See also <u>Forrester v. White</u>, 484 U.S., at 227-229, 108 S.Ct., at 544-545.

The case of <u>Andersen v. Roszkowski</u>, 681 F.Supp. 1284, 1289 (N.D. Ill. 1988), provides the

following summary:

> The language of Section 455(b)(5)(i) requires disqualification where the judge is a party to the proceeding, and it implies automatic disqualification. This Section, however, has been construed by courts as not requiring automatic disqualification. See, <u>e.g.</u>, <u>In re Martin-Trigona</u>, 573 F.Supp. 1237, 1242-43 (D. Conn. 1983), appeal dismissed, 770 F.2d 157 (2nd Cir. 1985) ("[I]t is clear that a judge is not disqualified ... merely because a litigant sues or threatens to sue him."); <u>United States v. Grismore</u>, 564 F.2d 929, 933 (10th Cir. 1977), <u>cert. denied</u>, 435 U.S. 954, 98 S.Ct. 1586, 55 L.Ed.2d 806 (1978) ("A judge is not disqualified because a litigant sues or threatens to sue him."). One reason courts have refused to interpret the section literally is to prevent the plaintiffs from "judge-shopping"; if Section 455(b)(5)(i) required automatic disqualification, plaintiffs might name a judge as a defendant to get a new (and perhaps more favorably inclined) judge. <u>In re Martin-Trigona</u>, 573 F.Supp. at 1243; see also <u>New York Housing Development Corp.</u>, 796 F.2d 976, 981

(7th Cir. 1986) ("automatic disqualification allows the party to manipulate the identity of the decisionmaker ...".).  Thus, courts have refused to disqualify themselves under Section 455(b)(5)(i) unless there is a legitimate basis for suing the judge.  See, e.g., In re Martin-Trigona, 573 F.Supp. at 1243.

See also, Ronwin v. State Bar of Arizona, 686 F.2d 692, 700-01 (9th Cir. 1981), cert. denied, 461 U.S. 938, 103 S.Ct. 2110, 77 L.Ed.2d 314 (1983); Snegirev v. Sedwick, 407 F.Supp.2d 1093, 1095-1096 (D. Alaska 2006); Jones v. City of Buffalo, 867 F.Supp. 1155, 1163 (W.D. N.Y. 1994); AMJUR JUDGES § 98, ("A judge is not disqualified merely because a litigant sues or threatens to sue him or her on the ground that such an easy method for obtaining disqualification should not be encouraged or allowed.").

Hence, recusal by the undersigned in these circumstances is not warranted.  The Court makes the following rulings:

1.     The Court finds no need to transfer the docket items from 4:06MC00026 GH, so the September 20th motion (#3) to allow transfer of docket items is denied.  The motions in that case are being addressed by separate order filed in that case.  Plaintiff is free to reference those pleadings as he deems necessary.

2.     The September 20th combined motion (#4) to expedite case, for a permanent injunction against the U.S. Department of Transportation's "bar notice" prohibiting him from visiting certain facilities, and for a temporary injunction against three agencies' proposal for rulemaking on transportation worker's identification and merchant mariner's credentials is denied.  The Court finds that plaintiff has failed to assert either a factual or legal basis – utilizing the Dataphase Systems, Inc. v. C L Systems, Inc., 640 F.2d 109, 114 (8th Cir. 1981)

factors[1] necessary for any type of injunctive relief and has not demonstrated a need for this case to be expedited.

3. The September 20th motion (#5) for recusal as well as the January 29th notice (#23) demanding the mandatory recusal of the undersigned are denied.

4. The September 25th motion (#6) for temporary injunction on TWIC/MMC and for negotiated rulemaking in lieu of defendants' motion to dismiss is denied without prejudice to renew as it concerns the motion to dismiss which is not ripe for decision at this time.

5. The October 5th motion (#9) for joinder of Kofi Annan has been rendered moot by the February 2nd amended complaint naming the United Nations as a defendant.

6. The October 27th motion (#11) for substitution of Admiral Thad W. Allen in place of Admiral Thomas H. Collins as the Commandant of the Coast Guard under Civil Procedure Rule 25 is granted although the Court notes that Allen was also named as a defendant in the February 2nd amended complaint.

7. The January 29th motion (#21) to amend the complaint has been rendered moot by the filing of the February 2nd amended complaint.

8. The January 29th motion (#22) for appointment of counsel is denied without prejudice. Here, plaintiff has not sought status as an indigent, he has not demonstrated any attempts to retain counsel, and his 4-year history of litigation in the Washington, D.C. courts and through the numerous pleadings filed in his cases here clearly demonstrate plaintiff's familiarity with

---

[1]In determining whether to grant a preliminary injunction or a temporary restraining order under Civil Procedure Rule 65, the Court must consider (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest.

presenting his legal theories and knowledge of procedure such as his motions pursuant to Civil Procedure Rules 19 and 25.  See, <u>Stevens v. Redwing</u>, 146 F.3d 538, 546 (8th Cir. 1998).

9.    The February 6th motion (#26) for case management is denied without prejudice to renew as the Court is not persuaded at this stage of the proceedings that such action is needed.

10.    The February 15th motion (#31) for return of filing fee and complaints against competency of the Clerk's office by the return of the summons to plaintiff instead of being sent to the U.S. Marshal's service is denied.

IT IS SO ORDERED this 1st day of March, 2007.


UNITED STATES DISTRICT JUDGE