IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

DON HAMRICK                                                            PLAINTIFF

v.                                    No. 1:06CV00044 JMM

GEORGE W. BUSH, PRESIDENT; MICHAEL CHERTOFF,
SECRETARY, DEPARTMENT OF HOMELAND SECURITY;
MICHAEL PRENDERGAST, ASSOCIATE DIRECTOR FOR
SECURITY OPERATIONS, U.S. DEPARTMENT OF
TRANSPORTATION; REGGIE B. WALTON, JUDGE, U.S. DISTRICT
COURT FOR D.C.; ELLEN SEGAL HUVELLE, JUDGE, U.S. DISTRICT
COURT FOR D.C.; DENNIS BARGHAAN, U.S. ATTORNEY'S OFFICE;
HEATHER GRAHAM-OLIVER, U.S. ATTORNEY'S OFFICE; UNITED
NATIONS; AND THAD ALLEN, ADMIRAL, COMMANDANT, U.S.
COAST GUARD                                                            DEFENDANTS

## ORDER

Pending before the Court are the federal defendants' January 19th motion to dismiss and

January 31st supplemental motion to dismiss the *pro se* plaintiff's Racketeer Influence and Corrupt

Organizations Act (RICO) complaint as well as alleged constitutional and statutory claims over his

asserted right, as a citizen and merchant seaman, to travel intrastate and interstate while openly

armed with a handgun under the Second Amendment.[1]  These motions are supported by exhibits.

Plaintiff responded on February 7th with supplements filed on February 12th and 15th and March 20th,

also supported by exhibits.

---

[1]An amended complaint was filed on February 2nd.  While numerous claims were made
against the United Nations which was added as a defendant, the amended complaint adds claims
that the United States aids and abets piracy on the high seas, violates plaintiff's access to courts
by requiring him to pay filing fees, and has obstructed justice in keeping his Second Amendment
case from proceeding to trial.

In addition, plaintiff has filed several motions concerning discovery, proceeding under the "collaborative system of justice," for sanctions against the United States Attorney's office due to their correspondence, for writs of *replevin* and arrest, and for denial of the motion to dismiss.[2]  On April 12th, the federal defendants responded to the motion for sanctions.

On March 20th, plaintiff filed a notice of appeal to the Court's March 1st order which denied motions to expedite case and permanent injunction, for mandatory recusal of Judge Howard[3] for cause, for temporary injunction, for appointment of attorney, for case management, and for return of filing fee.  By order filed on April 11th, the Eighth Circuit Court of Appeals directed plaintiff to show cause why his appeal should not be dismissed due to his failure to pay the docketing fees.  Plaintiff filed a response on April 23rd in opposition.  The appellate court issued an order on April 30th directing plaintiff to pay the $455.00 appellate and docketing fees in the district court within fifteen days or the appeal would be dismissed for failure to prosecute.  Plaintiff has not paid the required fees.

"A district judge's determination 'not to disqualify himself is reviewable by appeal only from a final judgment in the cause in which the motion for disqualification was filed.'"  Liddell v. Board of Ed. of City of St. Louis, 677 F.2d 626, 643 (8th Cir. 1982)(citations omitted).  "[A]n appeal from an interlocutory order granting or denying preliminary injunctive relief does not strip a federal District Court of jurisdiction to proceed with the action on the merits or continue with other phases

---

[2]Docket Entries No. 27, 35, 39, 50, and 54.

[3]U.S. District Judge George Howard, Jr., died on April 21st.  The case was reassigned on April 27th to the undersigned.

of the case." AmJur 2d Injunction § 327.  The rulings on the motions for appointment of attorney, for case management, and for return of filing fee are also interlocutory orders.

Thus, the Court finds that it has jurisdiction to rule on the pending motions before it.

The federal defendants state that plaintiff applied to the U.S. Coast Guard in January of 2002 to have his identification card endorsed "National Open Carry Handgun" which he contends would allow him to carry a handgun any place in the United States.  The Coast Guard denied plaintiff's request on April 19, 2002, and sent him a letter on May 24, 2002, advising that the April 19, 2002 decision was the agency's final decision and no further action on his request would be taken.  That decision was reiterated in letters sent to plaintiff on April 29, 2003 and January 7, 2004.

Plaintiff filed two *pro se* civil actions on July 18, 2002, in the U.S. District Court for the District of Columbia which were assigned to District Judge Ellen S. Huvelle. The defendants in Case No. 1:02-cv-01434-ESH were Captain J.P. Brusseau, the U.S. Coast Guard officer who denied plaintiff's request for a "National Open Carry Handgun" endorsement on his Merchant Mariner's identification card; Admiral Thomas H. Collins, Commandant of the U.S. Coast Guard and Paul J. Pluta, Rear Admiral, U.S. Coast Guard.  Those defendants were represented by Heather D. Graham-Oliver, Assistant U.S. Attorney.  The federal defendants say that Judge Huvelle granted those defendants' motion to dismiss which Hamrick appealed to the Court of Appeals for the District of Columbia, but the appeal was dismissed on January 3, 2002, for lack of prosecution.

The federal defendants here state that Case No. 1:02-cv-01435-ESH was a petition for writ of mandamus and related declaratory and injunctive relief against President George W. Bush, Captain Brusseau, and other federal officials to compel Coast Guard approval of plaintiff's application for a "National Open Carry Handgun" endorsement on his merchant marine

identification.  Judge Huvelle decided that the essential elements for a writ of mandamus were lacking and entered an order on October 10, 2002 dismissing the petition for writ of mandamus with prejudice and dismissing the motions for injunctive and declaratory relief as moot.  They relate that the District of Columbia Circuit Court of Appeals affirmed and denied plaintiff's petition for rehearing and petition for rehearing *en banc*.  His petition for *certiorari* was denied.

The federal defendants add that plaintiff filed another civil action in the District Court for the District of Columbia, Case No. 1:03-cv-02160-RBW, against President Bush, U.S. Attorney General John Ashcroft, Secretary of the Department of Homeland Security Thomas Ridge, Admiral Collins, Captain Brusseau, and Judge Huvelle alleging claims under RICO and various constitutional claims.  That case was assigned to U.S. District Judge Reggie B. Walton.  Those defendants were represented by Dennis C. Barghaan, Jr., Assistant U.S. Attorney for the Eastern District of Virginia who was appointed special attorney to represent them.

Those defendants' motion to dismiss was granted on August 16, 2004, because the District Court stated that plaintiff had not responded to the motion to dismiss.  In addition, the District Court found that the judicial defendants were not subject to suit because of absolute immunity, the government had not waived its sovereign immunity for RICO claims and the remaining claims were barred by *res judicata* due to the judgment in Case No. 1:02-cv-1434-ESH.  On appeal, the District of Columbia Circuit Court affirmed except as to plaintiff's Second Amendment claims against the non-judicial defendants which were remanded for further proceedings since plaintiff had filed an opposition to the defendants' motion to dismiss and the Second Amendment claims were not barred by *res judicata*.

The federal defendants continue that plaintiff, on remand, filed a motion to transfer the case to the U.S. District Court for the Eastern District of Arkansas, which Judge Walton denied without prejudice.  On August 24, 2006, plaintiff filed a motion to dismiss his remaining claims without prejudice to which the defendants responded that plaintiff could obtain a voluntary dismissal without prejudice pursuant to Civil Procedure Rule 41(a)(1) since neither an answer nor a summary judgment motion had been filed.  The federal defendants note that plaintiff's motion to dismiss without prejudice is still pending in the District Court for the District of Columbia.

They state that Michael Prendergast, Associate Director for Security Operations with the U.S. Department of Transportation issued a memorandum, on September 17, 2004, that plaintiff should not be admitted to any of the DOT headquarters, FAA headquarters, or U.S. Coast Guard headquarters buildings without obtaining prior approval from security, as a result of plaintiff sending Admiral Collins a document which showed an individual pointing a handgun with language which the Coast Guard regarded as threatening and another one showing bullet holes in a target and blood dripping from the words "terrorists" and criminals."  A second notice was issued on August 11, 2006, when plaintiff attempted to enter the Coast Guard headquarters building; he says he did not receive the September 17, 2004 Do Not Admit Notice.  The second notice provides that plaintiff should notify the Office of Security and arrange for clearance to enter or access the building if he should have any official business at the Coast Guard headquarters building.

In the present case, the federal defendants state that the complaint alleges that fraudulent, corrupt and illegal actions by them constitute a pattern of racketeering activity in violation of the civil RICO statute and that the Coast Guard's April 19, 2002 decision denying his request for a "National Open Carry Handgun" endorsement and the decisions of Judges Huvelle and Judge

Walton are "Rulings under "Judicial Review."  Besides monetary damages, plaintiff seeks a writ of mandamus compelling the Coast Guard to place a "National Open Carry Handgun" endorsement on this merchant seaman's document.

The federal defendants first argue that the claims against the judicial defendants are barred by judicial immunity as the allegations regarding their conduct are founded on the performance of their judicial duties in plaintiff's lawsuits in the District Court for the District of Columbia.  Next, they assert that plaintiff's 1,685 page complaint plus addendums does not comply with Civil Procedure Rule 8(a) and so any possible legally distinct claims besides the RICO claim and the claim for a writ of mandamus for the endorsement should be dismissed without prejudice.

As to the RICO claim, the federal defendants contend that this Court lacks subject matter jurisdiction as the complaint is asserting claims against the defendants in their official capacities – since there is no clear statement that the claims are being asserted against the government officials in their personal capacities – and the United States has not waived its sovereign immunity with respect to civil actions brought against it under the RICO statute.

The federal defendants argue that plaintiff's claim for a writ of mandamus is barred by *res judicata* and, even if it were not, he could not satisfy the essential elements for a writ of mandamus. They further argue that this Court does not have subject matter jurisdiction over any claims based on constitutional violations.

The federal defendants next address the claims if they should be asserted against them in their individual capacities.  They argue that the claims would be barred due to lack of personal jurisdiction and venue; lack of personal involvement by President Bush, Secretary Chertoff and Admiral Collins

and his successor when principles of respondeat superior of not applicable, the essential elements of a civil RICO claim are lacking, and the defendants have absolute or qualified immunity from suit.

Finally, the federal defendants contend that if there are any remaining claims that are not dismissed, the case should be transferred to the U.S. District Court for the District of Columbia where that court has extensive experience with the same or similar allegations and the defendants are employed by the federal judicial or executive agencies that have offices near there.

Plaintiff has responded that numerous material fact questions remain to the resolved and he needs discovery which he seeks from the Department of Transportation and the Coast Guard. He asserts that Captain Brusseau's duty was not a discretionary one. Plaintiff also raises the NCIS investigation regarding the alleged threats to Captain Brusseau in plaintiff's "In the News" article, which plaintiff states is protected under the First Amendment and how he needs discovery pursuant to Civil Procedure Rule 56(f). Plaintiff also discusses both communications which were deemed to be threatening and how they were protected by the First Amendment.

Plaintiff argues that his claims against Judge Walton are administrative, not judicial, and so are not barred by immunity. In addition, he states the assignment of his case to Judge Huvelle, who he contends made fraudulent assertions in the memorandum opinion dismissing his petition for writ of mandamus, was under questionable circumstances so immunity does not apply and he has destroyed her assertions that his case does merit mandamus relief. He also argues the combination of 18 U.S.C. §1001(b), absolute immunity for federal judges and qualified immunity for federal employees violates the First, Ninth, Tenth and Fourteenth Amendments. Plaintiff counters that his complaint does comply with Rule 8. Regarding subject matter jurisdiction and constitutional claims, plaintiff asserts that the government has waived its sovereign immunity as he stated in his complaint

and defense counsel is confusing <u>Bivens</u> with RICO.  He continues that his claim for a writ of mandamus is not barred by *res judicata* since he has added the United Nations as a defendant thereby expanding the scope of his case beyond *res judicata*.

Plaintiff points out that he litigated his cause of action in the federal courts for four years before trying his home venue in the interest of justice and that is hoping for a less corrupt judicial system in Arkansas.  He states that he is "not relying on 28 U.S.C. §1391(e) for personal capacity (*Bivens*) claims.  I am relying on 28 U.S.C. §1402(a)(1)."  Plaintiff admits that he doubts that respondeat superior applies to Civil RICO.  However, he stresses that the extortion in him being forced to pay a filing fee although he is a seaman is a predicate act of racketeering.  Plaintiff controverts that the defendants have absolute or qualified immunity from suit.  He also maintains that it is in the interest of justice that his case remain in Arkansas.

The Court agrees with the federal defendants that Judge Huvelle and Judge Walton are entitled to absolute immunity from suit as illustrated by the following excerpt from <u>Mireles v. Waco</u>, 502 U.S. 9, 11-12, 112 S.Ct. 286, 288 (1991):

> Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages.  <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985).  Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial.  <u>Pierson v. Ray</u>, 386 U.S., at 554, 87 S.Ct., at 1218 ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly").  See also <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 815-819, 102 S.Ct. 2727, 2736-2739, 73 L.Ed.2d 396 (1982) (allegations of malice are insufficient to overcome qualified immunity).
>
> Rather, our cases make clear that the immunity is overcome in only two sets of circumstances.  First, a judge is not immune from liability for nonjudicial actions, <u>i.e.</u>, actions not taken in the judge's judicial capacity.  <u>Forrester v. White</u>, 484 U.S., at 227-229, 108 S.Ct., at 544-545; <u>Stump v. Sparkman</u>, 435 U.S., at 360, 98 S.Ct., at 1106.  Second, a judge is not immune for actions, though judicial in nature, taken

in the complete absence of all jurisdiction.  Id., at 356-357, 98 S.Ct., at 1104-1105; Bradley v. Fisher, 13 Wall., at 351.

We conclude that the Court of Appeals erred in ruling that Judge Mireles' alleged actions were not taken in his judicial capacity.  This Court in Stump made clear that "whether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity."  435 U.S., at 362, 98 S.Ct., at 1108.  See also Forrester v. White, 484 U.S., at 227-229, 108 S.Ct., at 544-545.

Although plaintiff argues that his claims against Judge Walton are administrative in nature and Judge Huvelle made fraudulent assertions in her opinion, the fact remains that the actions taken by these judges were taken in their judicial capacities in dealing with the cases filed by plaintiff and assigned to their courts and that these judges had jurisdiction over those matters.

The Court next addresses the capacity in which the remaining federal defendants are sued. Plaintiff has not stated in either his response or supplements that the claims are being pursued against the federal defendants in their individual capacities.  Indeed, plaintiff correctly sought to substitute Admiral Allen for Admiral Collins pursuant to Civil Procedure Rule 25.  Moreover, in the amended complaint, plaintiff's claims themselves are against the "United States" with no mention of individuals.

This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity.  See Artis v. Francis Howell North Band Booster Ass'n Inc., 161 F.3d 1178, 1182 (8th Cir. 1998); Murphy, 127 F.3d at 754.  Because section 1983 liability exposes public servants to civil liability and damages, we have held that only an express statement that they are being sued in their individual capacity will suffice to give proper notice to the defendants.  See Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989); Egerdahl v. Hibbing Comm. College, 72 F.3d 615, 619-20 (8th Cir. 1995). Absent such an express statement, the suit is construed as being against the defendants in their official capacity.  A suit against a public employee in his or her

official capacity is merely a suit against the public employer.  See <u>Kentucky v. Graham</u>, 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985).

<u>Johnson v. Outboard Marine Corp.</u>,  172 F.3d 531, 535 (8th Cir. 1999).

The Court also finds that it lacks subject matter jurisdiction over plaintiff's RICO claims as there has been no waiver of sovereign immunity.  The case of <u>Donahue v. F.B.I.</u>, 204 F.Supp.2d 169, 173 (D. Mass. 2002), explains as follows:

> The FBI first argues that it is protected from suit under RICO because section 1964(c) does not demonstrate an unequivocal congressional intent to waive the federal government's sovereign immunity.  The FBI also argues that federal agencies are not "chargeable," "indictable," or "punishable" for violations of particular state and federal criminal statutes, a requirement for civil RICO liability.  Mem. Supp. Def. FBI's Mot. Dismiss ("FBI Mem.") at 10-11.
>
> ***
>
> However, the plaintiffs cite no case that has held that a federal government agency may be a RICO "enterprise," much less that it may be a RICO "person."  It is true, as the plaintiffs state, that no First Circuit or Supreme Court case has held that federal government agencies are not liable under RICO.  However, those federal courts that have addressed the question have been unanimous in rejecting the liability of federal agencies.

Similarly, the Court lacks subject matter jurisdiction over plaintiff's constitutional claims for monetary damages.  See, <u>Correctional Services Corp. v. Malesko</u>, 534 U.S. 61, 69, 122 S.Ct. 515, 520-521 (2001).

Finally, the Court concludes that plaintiff's claim for a writ of mandamus against any of the federal defendants is barred by *res judicata*.  The Eighth Circuit Court of Appeals listed the factors in making that determination in the case of <u>Banks v. International Union Electronic, Elec., Technical, Salaried and Machine Workers</u>,  390 F.3d 1049, 1052 (8th Cir. 2004), as set out below:

> The preclusion principle of res judicata prevents "the relitigation of a claim on grounds that were raised or could have been raised in the prior suit."  <u>Lane v.</u>

Peterson, 899 F.2d 737, 741 (8th Cir. 1990).  We undertake a three part inquiry to determine whether res judicata applies addressing these issues: (1) whether the prior judgment was rendered by a court of competent jurisdiction; (2) whether the prior judgment was a final judgment on the merits; and (3) whether the same cause of action and the same parties or their privies were involved in both cases.  Id.

Plaintiff filed a petition for writ of mandamus and related declaratory and injunctive relief, Case No. 1:02-cv-01435-ESH, against President George W. Bush, Captain Brusseau, and other federal officials to compel Coast Guard approval of plaintiff's application for a "National Open Carry Handgun" endorsement on his merchant marine identification.  In an order entered on October 10, 2002, Judge Huvelle decided that the essential elements for a writ of mandamus were lacking and dismissing the petition for writ of mandamus with prejudice and dismissing the motions for injunctive and declaratory relief as moot.  Plaintiff appealed that decision.  The District of Columbia Circuit Court of Appeals affirmed and denied plaintiff's petition for rehearing and petition for rehearing *en banc*.  His petition for *certiorari* was denied.

Thus, the prior ruling on the "National Open Carry Handgun" endorsement sought by plaintiff in the petition for writ of mandamus was rendered in a court of competent jurisdiction, a final judgment on the merits was rendered through all possible steps for review, and the same cause of action, some of the same parties, and some of their privies are named in this current litigation again seeking a writ of mandamus for a "National Open Carry Handgun" endorsement to be issued.

Accordingly, the federal defendants' January 19th motion to dismiss (Docket Entry No. 15) and January 31st supplemental motion to dismiss (Docket Entry No. 24) are granted.  Plaintiff's February 6th motion for discovery (Docket Entry No. 27), March 20th motion for the "collaborative system of justice" (Docket Entry No. 35), March 27th motion for sanctions against the United States Attorney's office (Docket Entry No. 39), and April 24th motion for denial of the motion to dismiss

(Docket Entry No. 54) are denied as moot in light of the dismissal of all claims against the federal defendants.  The April 16th motion for writs of *replevin* and arrest (Docket Entry No. 50) is denied. The Court has already ruled twice that plaintiff is not exempt from paying a filing fee under 28 U.S.C. § 1916 which is consistent with the Eighth Circuit's action regarding the payment of the filing fee for the appeal.

IT IS SO ORDERED this 24th day of May, 2007.


UNITED STATES DISTRICT JUDGE