IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

DON HAMRICK                                                                                      PLAINTIFF

v.                                            No. 1:06CV00044 JMM

GEORGE W. BUSH, PRESIDENT; MICHAEL CHERTOFF,
SECRETARY, DEPARTMENT OF HOMELAND SECURITY;
MICHAEL PRENDERGAST, ASSOCIATE DIRECTOR FOR
SECURITY OPERATIONS, U.S. DEPARTMENT OF
TRANSPORTATION; REGGIE B. WALTON, JUDGE, U.S. DISTRICT
COURT FOR D.C.; ELLEN SEGAL HUVELLE, JUDGE, U.S. DISTRICT
COURT FOR D.C.; DENNIS BARGHAAN, U.S. ATTORNEY'S OFFICE;
HEATHER GRAHAM-OLIVER, U.S. ATTORNEY'S OFFICE; UNITED
NATIONS; AND THAD ALLEN, ADMIRAL, COMMANDANT, U.S.
COAST GUARD                                                                               DEFENDANTS

**ORDER**

In the amended complaint filed on February 2nd, plaintiff added the United Nations as a defendant. He alleges that the United Nations has breached the United Nations Charter, has breached a number of other treaties, has committed fraud, has been negligent, has engaged in reckless endangerment, has aided and abetted piracy, and has committed theft of sovereignty. Plaintiff asserts jurisdiction under the United Nations Charter, the Genocide Convention, Article III of the United States Constitution, and the Foreign Sovereign Immunities Act of 1976 ("FSIA"). Summons was issued as to the United Nations on March 6th and returned to plaintiff for service.

On April 10th, Nicolas Michel, the Under-Secretary-General for Legal Affairs for the United Nations, filed a letter dated April 5th returning the original summons and complaint received by the United Nations Secretariat on March 27th. Michel also requested "the competent United States

authorities to take appropriate action to ensure full respect for the privileges and immunities of the United Nations in accordance with the obligations of the United States both under international and United States law" as the "United Nations expressly maintains its privileges and immunities in respect of the above-mentioned Summons and Complaint in the United States District Court for the Eastern District of Arkansas, Northern Division."

Plaintiff filed an objection, on April 16th, that the United States is conspiring with and assisting the United Nations, which is violating its own charter, in a war of aggression on the Second Amendment right to bear arms. He asserts a First Amendment right to sue the United Nations as a Ninth Amendment right and as a Tenth Amendment power. Plaintiff argues that the Secretary of State, by direction of President Bush, could bring this dispute to the attention of the Security Council or of the General Assembly. He also argues that this Court has jurisdiction under FSIA where there are general exceptions to the jurisdictional immunity of a foreign state. On April 24th, plaintiff filed an addendum to his objection.

By order filed on May 24th, the Court dismissed all the federal defendants leaving the United Nations as the sole defendant.

The recent case of Van Aggelen v. United Nations, 2007 WL 1121744, *1 (S.D. N.Y. 2007), provides the following summary of the applicable law:

> The U.N. itself is absolutely immune from suit under its Charter and General Convention. Acceded to by the United States in 1970, the U.N. Convention, Feb. 13, 1946, 21 U.S.T. 1418, 1422, T.I.A.S. 6900, provides that "the U.N. and 'its property and assets' enjoy immunity from 'every form of legal process except insofar as in any particular case it has expressly waived its immunity." ' De Luca v.. United Nations Org., 841 F.Supp. 531, 533 (S.D. N.Y. 1994) (quoting U.N. Convention, art. II, sec. 2). Even under the liberal standard for reading a pro se litigant's complaint and construing the complaint in favor of the pleader, plaintiff in no way alleges that the U.N. has waived its immunity from suit. See Burgos v. Hopkins, 14 F.3d 787, 790

      (2nd Cir. 1994) ("Because Burgos is a pro se litigant, we read his supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest."); Lee v. Bankers Trust Co., 166 F.3d 540, 543 (2nd Cir. 1999) ("This Court reviews de novo a district court's decision to dismiss a complaint for failure to state a claim, taking all factual allegations as true and construing all reasonable inferences in the plaintiff's favor."). In fact, the U.N. has specifically invoked its immunity in this case by letter to the (then) U.S. Ambassador to the U.N. (See U.N. Letter to John Bolton, Nov. 22, 2006.) Because the U.N. is immune from suit and has not waived its immunity the claims against it must be dismissed with prejudice. De Luca, 841 F.Supp. at 533.

See also, Emmanuel v. United States, 253 F.3d 755, 756 n.2 (1st Cir. 2001); Baley v. United Nations, 1998 WL 536759, *1 (2nd Cir. 1998).

      It is clear that the analysis in Van Aggelen is applicable to the United Nations in the case at bar. The United Nations has expressly stated that it is not waiving its immunity so it must be dismissed as a defendant.

      Accordingly, the United Nations is hereby dismissed with prejudice as a defendant. A separate judgment will be entered.

      IT IS SO ORDERED this 4th day of June, 2007.

                                                                     _____
                                                                     UNITED STATES DISTRICT JUDGE